**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FILED
United States Court of Appeals
Tenth Circuit

**February 17, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

ROBERT LOUIS BROWN,

    Plaintiff - Appellant,

v.

AMERICAN FORK POLICE
DEPARTMENT; PHIL VALDEZ;
PAUL CAMERON,

    Defendants - Appellees.

No. 25-4103
(D.C. No. 2:23-CV-00578-DBB)
(D. Utah)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

———————————————————

Mr. Robert Louis Brown sued for violation of his civil rights, and the district court dismissed the action. Mr. Brown unsuccessfully moved twice to reopen the case, and he tried to appeal all of the rulings. But the appeal

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

was timely only for the denial of his two motions to reopen. So we lack jurisdiction to consider the dismissal. Fed. R. App. P. 4(a)(1)(A).

Granted, some post-judgment motions toll the deadline to appeal. Fed. R. App. P. 4(a)(4). These motions include motions to reopen under Fed. R. Civ. P. 60, but only when they're filed within 28 days of the judgment. Fed. R. App. P. 4(a)(4)(A)(vi). Mr. Brown did file two motions to reopen under Rule 60, but not within 28 days of the judgment. So the motions to reopen didn't toll the deadline to file the notice of appeal, which prevents appellate jurisdiction over the dismissal.

But we do have jurisdiction over the denials of Mr. Brown's motions to reopen. The district court denied these motions, reasoning that Mr. Brown had not presented grounds to reopen the case. Mr. Brown challenges these rulings, arguing that (1) he was entitled to prevail on his underlying claims and (2) his detention at a state hospital prevented him from responding to the district court's dismissal order. Appellant's Opening Br. at 3. For these arguments, Mr. Brown asserts that he cited authority supporting his motions to reopen. But he didn't.

2

We therefore lack jurisdiction to consider the dismissal and affirm the denial of Mr. Brown's motions to reopen.[1]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1] Mr. Brown attached a hospital discharge order to his opening brief. But the order isn't in the record. So we don't consider the impact of this order. *See United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court.").